IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAREY JAMES LEGVOLD,<br><br>Defendant. | 1:26-cr-00003-RGE-HCA-2<br><br>ORDER DENYING DEFENDANT'S RENEWED MOTION FOR 60-DAY EXTENSION OF POST-TRIAL MOTION DEADLINE |

Before the Court is Defendant Carey James Legvold's pro se "Renewed Motion for 60-day Extension of Post-Trial Motion Deadline." ECF No. 235. The post-trial motions deadline, which previously was extended at Legvold's request, is September 22, 2026. Order 2, ECF No. 201.

Legvold states "a judge other than Judge Adams denied" a previous request for an extension of the time to file post-trial motions. *Id.* ¶ 1. Legvold means the presiding District Judge in this case, Honorable Rebecca Goodgame Ebinger, who denied Legvold's second request for additional time to file a motion for a new trial because Legvold did not show good cause for a second extension. Order Denying Defendant's Mot. Continue Sept. 22, 2026 Proceeding, ECF No. 226 (Sept. 14, 2026). The Court directs Legvold to refer to the District Judge by proper title, Judge Goodgame Ebinger. Legvold's latest motion does not overcome Judge Goodgame Ebinger's ruling. The deadline to file a post-trial motion remains September 22, 2026.

The Court addresses a misstatement in Legvold's motion. Legvold states the undersigned Magistrate Judge entered a text order on September 1, 2026, granting Legvold, pro se, access to grand jury transcripts. Def.'s Mot. ¶¶ 4–5, ECF No. 235. The Court did not. No such order was entered by any Judge in this case. Instead, at the hearing held September 1, 2026, the undersigned explained to Legvold that if he chose to proceed pro se he would *not* have access to certain documents. For this and other reasons, the Court suggested Legvold accept assistance of counsel.

Legvold unequivocally requested to proceed pro se but accepted standby counsel. Order 1–2, ECF No. 217. Standby counsel does not investigate or prepare motions. Legvold indicates standby counsel declined to provide Legvold grand jury transcripts and other documents. Def.'s Mot. ¶ 6, ECF No. 235. Standby counsel acted appropriately.

Finally, the Court addresses Legvold's request to "review and clarify the status of the previously requested discovery and any actual production agreement or order, including any procedures required for grand-jury disclosure under Rule 6(e)." *Id.* The docket does not indicate any pending discovery matters requiring Court action or any production agreement between Legvold, pro se, and the Government. The Court cannot, and therefore does not, provide legal advice to Legvold regarding applicable law, rules, or procedures.

IT IS SO ORDERED.

Dated September 22, 2026.

Helen C. Adams
Helen C. Adams
U.S. Magistrate Judge