UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

RECEIVED
OVER THE COUNTER
OCT 13 2026
Clerk U.S. District Court
Southern District of Iowa

UNITED STATES OF AMERICA,
Plaintiff,
v.
CAREY JAMES LEGVOLD,
Defendant. Case No. 1:26-cr-00003-RGE-HCA-2

**DEFENDANT'S MOTION FOR POST-TRIAL EVIDENTIARY HEARING CONCERNING RULE 404(b) EVIDENCE, HEARING ON PROPOSED STIPULATED DISCOVERY ORDER, AND CONFERENCE REGARDING RULE 17 SUBPOENA PROCEDURES**

Defendant Carey James Legvold, proceeding pro se, respectfully requests (1) a post-trial evidentiary hearing, if procedurally authorized, to present and evaluate evidence challenging the factual basis and reliability of evidence introduced under Federal Rule of Evidence 404(b); (2) a hearing on the proposed stipulated discovery order before any disputed restrictions are imposed; and (3) a hearing or status conference addressing the procedure for seeking narrowly tailored subpoenas under Federal Rule of Criminal Procedure 17. Defendant asks that the Court consider each request independently and, if necessary, permit supplemental briefing on the applicable post-trial procedural vehicle.

## I. REQUEST FOR EVIDENTIARY HEARING CONCERNING RULE 404(b) EVIDENCE

1. At trial, the Government presented evidence concerning an alleged 2024 controlled buy, including testimony by Deputies Lucas Dvorak and Isely. Defendant disputes that this incident was shown to involve him, his residence, or a transaction he participated in. He seeks an opportunity to present rebuttal evidence concerning the claimed surveillance observations and their reliability.

2. Defendant identifies the following potential evidence, subject to authentication, disclosure, and the Court's evidentiary rulings: (a) a video recorded by Amy Legvold from the football field's 50-yard-line area, where Deputy Dvorak testified he was positioned "by" the 50-yard line, showing Lars C. Legvold Jr.; (b) photographs and physical measurements of the area; (c) Google imagery depicting the location, with the image dates and relevant conditions to be established; and (d) testimony explaining where the persons making the recordings and measurements stood or sat and what could be seen from those positions.

3. Defendant proposes Amy Legvold, Lars C. Legvold Jr., Lynn Leisure, and Jamie Lea Legvold as potential witnesses, limited to matters within each witness's personal knowledge. Defendant will identify the particular testimony of each witness and provide an exhibit list or copies if the Court sets a schedule. Amy Legvold and Lars C. Legvold Jr. were present for the video filming.

The other witnesses' roles in photographs, measurements, or site visits will be specified before testimony.

4. Defendant further seeks to address the absence of corroborating physical or recorded evidence linking him to the alleged transaction, including questions raised at trial concerning fingerprints, images or video of a transaction, and the disposition of the controlled-buy funds. Defendant recognizes that absence of such evidence alone does not establish that the incident did not occur; his request is to evaluate the total evidentiary foundation and claimed connection to him.

5. Rule 404(b)(1) prohibits using other-act evidence merely to prove propensity; Rule 404(b)(2) permits use for specified non-propensity purposes; and Rule 404(b)(3) sets notice requirements in criminal cases. Under Rule 403, otherwise relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice or other listed risks. Defendant requests examination of the asserted permissible purpose, relevance, reliability of the claimed other act, and Rule 403 balancing. He disputes that the 2024 incident was sufficiently established as conduct attributable to him.

6. Because trial has concluded, Defendant acknowledges that the Court must first determine whether there is a timely and proper post-trial basis to receive additional evidence. Defendant requests leave to explain when the proposed evidence was obtained, what was available at trial, why it was not previously presented, and whether it supports any available relief under Federal Rule of Criminal Procedure 33 or another applicable authority. This motion is not intended to represent that a Rule 33 deadline has been extended or that the filing itself automatically preserves any separate deadline.

## II. REQUEST FOR HEARING ON PROPOSED STIPULATED DISCOVERY ORDER

7. Defendant has received a proposed stipulated discovery order through standby counsel. Defendant requests a hearing to clarify the proposed order's terms, including the scope of disclosure, confidentiality protections, and any limitations on the use of disclosed material in separate civil litigation, before the Court determines whether to enter the order.

8. Defendant seeks access to case-related, potentially exculpatory materials through an appropriate protected method, including counsel-mediated access, redactions, or other safeguards. He does not request disclosure of unrelated confidential information or confidential-informant identities. He asks the Court to clarify the order's scope, the treatment of Brady material and other discoverable information, and whether any limitation on collateral use is necessary and appropriately tailored. Defendant does not ask the Court in this motion to authorize unrestricted public dissemination of protected materials.

## III. REQUEST FOR HEARING OR CONFERENCE ON SUBPOENA PROCEDURES

9. Defendant requests guidance concerning the use and timing of Rule 17 subpoenas in the present post-trial posture, including the required specificity, showing of relevance and admissibility, potential costs, preservation, service, and any need for advance judicial approval.

He acknowledges that Rule 17(c) is not a substitute for general discovery and does not seek issuance of unspecified blanket subpoenas by this motion.

10. The categories Defendant wishes to evaluate for properly narrowed requests include: (a) law-enforcement communications or records specifically connecting his name, telephone number, or address to the alleged 2024 controlled buy; (b) relevant telephone, messaging, and social-media account records, including the account Defendant has described as "Corey Taylor," to the extent connected to disputed trial testimony; (c) relevant communications involving Hightower and Bunney concerning the first Houston trip; and (d) identifiable GPS/location records concerning Defendant and Bunney during the Houston trip, including the time period between the last Houston-area location information and the first reported Oklahoma location information. Defendant seeks to identify custodians, date ranges, and factual predicates before requesting process.

11. Defendant proposes reasonable redaction or protective treatment for nonresponsive private information, confidential sources, and unrelated account data, subject to the Court's determination. He asks for a procedure to address any privacy, privilege, or disclosure disputes and to determine whether these categories are properly obtainable in this criminal case at its current stage.

## IV. REQUESTED RELIEF

WHEREFORE, Defendant respectfully requests that the Court: (A) determine whether a post-trial evidentiary hearing is procedurally available and, if so, set a hearing and schedule for witness and exhibit identification; (B) set a hearing on the proposed stipulated discovery order or permit written objections before acting upon it; (C) set a Rule 17 procedural conference or issue directions for any properly supported subpoena applications; and (D) grant such other relief as is just and appropriate.

Respectfully submitted,

______________________________

Carey James Legvold, Defendant pro se

Date: 10/13/26

## CERTIFICATE OF SERVICE — COMPLETE ONLY AFTER ACTUAL SERVICE

I certify that on October 13th, 2026, a true copy of this motion was served on counsel for the United States by the following method:

____________________________________________.

______________________________

Signature of person who performed service

Printed name: Carey Legvold